BC

RECEIVED
MAM
9/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
MEN
9/2/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**ROBERT S. HELD**,

Plaintiff,

v.

**VILLAGE OF BROADVIEW**;
KATRINA THOMPSON, in her official capacity as Mayor of the Village of Broadview; and THOMAS MILLS, in his official capacity as Chief of Police of the Village of Broadview,

Defendants.

Case No. __________

**1:26-cv-10587**
**Judge Franklin U. Valderrama**
**Magistrate Judge Laura K. McNally**
**RANDOM / Cat. 2**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Robert S. Held alleges:

1. This is an action under 42 U.S.C. § 1983 to protect Plaintiff's First Amendment right to engage in peaceful expressive activity on a public sidewalk in Broadview, Illinois. Plaintiff seeks only prospective declaratory and injunctive relief.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events occurred in this District.

4. Plaintiff Robert S. Held resides in Flossmoor, Illinois.

5. Defendant Village of Broadview is an Illinois municipal corporation.

6. Defendant Katrina Thompson is the Mayor of Broadview. She is sued in her official capacity. Defendant Thomas Mills is the Chief of Police of Broadview. He is sued in his official capacity.

7. The Village maintains a designated protest area near the ICE Processing Facility at 1930 Beach Street, Broadview, Illinois. The Village uses Executive Order No. 2025-05 and related policies to enforce that area.

8. The Village has treated a grassy area adjacent to the roadway on the east side of Beach Street, south of Lexington Street and north of the ICE facility as the designated protest area and has excluded protesters from a public sidewalk on the west side of Beach Street in that area.

9. Plaintiff wants to use that public sidewalk on the west side of Beach Street south of Lexington Street to speak, sing, chant, hold signs, bear witness, read aloud, use gestures and body language, distribute literature, and demonstrate concerning ICE operations and the facility.

10. On Saturday, August 22, 2026, in the early afternoon, Plaintiff was on that sidewalk on the west side of Beach Street holding his iPhone. An unidentified Broadview police officer ordered Plaintiff off the sidewalk and directed him to return to the designated protest area. The officer walked toward Plaintiff and used hand gestures directing Plaintiff back to the east side designated protest area. Plaintiff complied.

11. Plaintiff intends to return to the same sidewalk on the west side of Beach Street on Saturday, September 5, 2026, from about noon to 3:00 p.m. He expects that other peaceful demonstrators may also be present. Plaintiff will demonstrate on the public sidewalk and will not obstruct traffic, driveways, pedestrias, or emergency access. Plaintiff reasonably fears that Broadview police will again enforce the designated-area policy against him.

12. The conditions underlying Broadview's asserted emergency for its Executive Order have substantially changed since that Executive Order was issued. ICE activity at the facility, the number of protesters, and the intensity of the remaining protests have substantially diminished in the preceding five months. Cook County Sheriff's office personnel and Illinois State Police personnel

are no longer visibly present. Based on Plaintiff's observations, the Village has only sporadically enforced the designated protest-area policy.

13. On August 25, 2026, Plaintiff demanded in writing that Mayor Thompson rescind the designated protest zone and permit peaceful expressive activity on public sidewalks near the facility. Mayor Thompson responded that Plaintiff should speak with the Village Attorney. The Village has not rescinded the designated protest zone.

**Count I — First Amendment**

14. Plaintiff realleges the prior paragraphs.

15. Public sidewalks are traditional public forums.

16. Defendants, acting under color of state law, have enforced and threaten to enforce a policy and directive that excludes Plaintiff from the public sidewalk described above while he engages in peaceful protest near the ICE facility.

17. The ongoing exclusion of Plaintiff from that public sidewalk burdens his speech, conduct, peaceful assembly, and distribution of literature.

18. The designated protest area does not allow Plaintiff to speak, observe, document, or distribute literature from the west-side sidewalk, a public location near the facility that Plaintiff seeks to use for his message.

19. Defendants' continuing enforcement is not narrowly tailored to serve a significant governmental interest and does not leave Plaintiff adequate alternative channels for his intended expression.

20. Plaintiff has no adequate remedy at law. The loss of First Amendment freedoms, even for a short time, is irreparable injury.

**Prayer for Relief**

Plaintiff asks the Court to:

A. Declare that Defendants may not enforce the designated protest-area policy to exclude Plaintiff from the public sidewalk on the west side of Beach Street, south of Lexington Street and north of the ICE Processing Facility, when Plaintiff is engaged in peaceful expressive activity;

B. Enter preliminary and permanent injunctive relief prohibiting Defendants, their officers, agents, employees, and attorneys, and other persons acting in active concert or participation with them who receive actual notice of the injunction, from enforcing the designated protest-area policy to exclude Plaintiff from that sidewalk while he engages in peaceful expressive activity;

C. Award Plaintiff his costs as allowed by law; and

D. Grant any other appropriate relief.

Dated: September 1, 2026

Respectfully submitted,

/s/ Robert S. Held

Robert S. Held, pro se

Robert Held
3142 Redwood Court
Flossmoor, Illinois 60422-2267
(708) 265-7222
rheld@heldlawoffices.com